## NOTICE TO DEFENDANT ON HOW TO CLAIM EXEMPTIONS

The attached post-Judgment process has been issued on request of the United States of America. The law provides that certain property and wages cannot be taken. Such property is said to be exempt. This notice lists the exemptions allowed under Federal and State law. There are no exemptions solely for difficulty in paying debts.

**If the United States of America, as creditor, is asking that your wages be withheld, the method of computing the amount of wages which are exempt from garnishment by law is indicated on the attached Garnishment Computation form. You do not need to file a claim to receive this exemption, but if you believe the non-exempt earnings statement is incorrect, you may file a claim for exemption. If you claim an exemption, you should (a) fill out the claim for exemption form, and (b) deliver the original form to the Office of the Clerk of the United States District Court, District of Rhode Island, One Exchange Terrace, Providence, Rhode Island 02903. You should mail a copy to Midland National Life Insurance Company, One Sammons Plaza, Edit, Sioux Falls, SD 57193 and to the attorney for the United States, Mary Rogers, Assistant U.S. Attorney, 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903. You have a right to a hearing within five (5) business days, or as soon as practicable, from the date you file your claim with the court.**

On the day of the hearing, you should come to Court ready to explain why your property is exempt. You should bring any documentation that substantiates your claim for exemption.

Failure to appear in Court at the designated time to substantiate your claim for exemption, may result in a loss of some of your rights as to said exemption.

YOU MAY WISH TO CONSULT AN ATTORNEY FOR ADVICE IN CONNECTION WITH THIS NOTICE.

## GARNISHMENT COMPUTATION

This wage garnishment directs the withholding of up to 25 percent of the judgment debtor's disposable income. In certain cases, however, federal law does not permit the withholding of that much of the debtor's disposable income. The judgment debtor is referred to in Title 15, United States Code, Section 1671 et seq.

**I.  Limitations on the amount that can be withheld:**

A. If judgment debtor's weekly disposable earnings are less than 30 times the current federal minimum wage ($7.25 per hour), or $217.50, no deduction can be made under this wage garnishment.

B. If deductions are being made from a debtor's gross income under any order for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed 25 percent of the judgment debtor's disposable earnings, no deductions can be made under the wage garnishment.

C. If deductions are being made from a debtor's gross income under any orders for alimony, support, or maintenance for family members or former spouses, and those deductions are less than 25 percent of the judgment debtor's disposable earnings, deductions may be made under the wage garnishment. However, the amount arrived at by adding the deductions made under this execution to the deductions made under any orders for alimony, support, or maintenance of family members or former spouses cannot exceed 25 percent of the judgment debtor's disposable earnings.

Nothing in this wage garnishment limits the proportion or amount which may be deducted under any order for alimony, support or maintenance for family members or former spouses.

**II.  Explanation of Limitations - Definitions**

2

**Disposable Earnings** - Disposable earnings are that paret of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, savings accounts, etc.).

**Gross Income** - Gross income is salary, wages or other income including any and all overtime earnings, commissions and income trusts, before any deductions are made from such income.

## CLAIM FOR EXEMPTION FORM

NOTE: 18 U.S.C. § 3613(a), the federal statute governing liens arising from criminal fines and restitution obligations, generally incorporates the exemptions available to individual taxpayers under the Internal Revenue Service Code.

I claim that the exemption(s) from garnishment which are checked below apply in this case:

___1.  **Wearing apparel and school books.** – Such items of wearing apparel and such school books as are necessary for the defendant or for members of his family.

___2.  **Fuel, provisions, furniture, and personal effects.** – So much of the fuel, provisions, furniture, and personal effects in the defendant's household, and of the arms for personal use, livestock, and poultry of the defendant, as does not exceed in the aggregate **$10,775** in value.

___3.  **Books and tools of a trade, business, or profession.** – So many of the books and tools necessary for the trade, business, or profession of the defendant as do not exceed in the aggregate **$2,025** in value.

___4.  **Unemployment benefits.** – Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia, or of the Commonwealth of Puerto Rico.

___5.  **Undelivered mail.** – Mail addressed to any person, which has not been delivered to the addressee.

___6.  **Certain annuity and pension payments.** – Annuity or pension payments under the

Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor Roll (38 U.S.C. § 1562), and annuities based on retired or retainer pay under Chapter 73 Title 10, United States Code.

___7.  **Workmen's Compensation.** – Any amount payable with respect to compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

___8.  **Judgments for support of minor children.** – If the defendant is required by Judgment of a Court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such Judgment.

___9.  **Certain service-connected disability payments.** – Any amount payable to an individual as a service-connected (within the meaning of Section 101 (16) of Title 38, United States Code) disability benefit under (A) subchapter II, III, IV, V, or VI of Chapter 11 of such Title 38 or (B) Chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such Title 38.

___10. **Assistance under Job Training Partnership Act.** – Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. § 1501 *et seq.*) from funds appropriated pursuant to such Act.

___11. **Minimum exemption for wages, salary, and other income.** – The exemptions under 26 U.S.C. § 6334(a)(9) do not apply in criminal cases. The exceptions under the Consumer Credit Protection Act (15 U.S.C. § 1673) for disposable earnings automatically

apply and do not need to be claimed. The aggregate disposable earnings of any individual for any workweek which is subjected to garnishment may not exceed (1) 25 percent of his disposable earnings for that week or (2) the amount by which his disposable earnings for that week exceed 30 times the federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.

The statements made in this Claim of Exemptions and Request for Hearing as to Exemption Entitlement and fair market value of the property designated are made and declared under penalty of perjury that they are true and correct.

___   I hereby request a Court hearing to decide the validity of my claims. Notice of the hearing should be given to me by mail at:

_____
Address                               City           State       Zip

or telephonically at _____(_____)_____ .
                     Area Code/Phone No.

_____
Defendant's printed or typed name

_____          _____
Signature of Defendant                  Date

3