UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff, | Case No: 1:16cv466 |
| V. | |
| MIDLAND NATIONAL LIFE INSURANCE<br>　　　　Garnishee, | |
| JOSEPH A. CARAMADRE,<br>　　　　Defendant, | Related Case No.: Cr 1:11-186-01-S |
| VINCENT CARAMADRE,<br>　　　　Intervenor, | |
| PAULA M CARAMADRE,<br>　　　　Intervenor. | |

## AGREED GARNISHMENT ORDER

The Plaintiff (Government), the Defendant Joseph Caramadre (Joseph), the Intervenor Paula Caramadre (Paula), who is also Joseph's former wife, and the Intervenor Vincent Caramadre (Vin), who is also Joseph's brother, hereby agree the following Findings and Order may enter in this matter:[1]

### Findings

1. In this action, the Government served several Writs of Garnishment pursuant to its obligation to collect restitution imposed in *United States v. Joseph A. Caramadre*, 1:11cr186 (Restitution Order). Various parties raised various objections to the Writs of Garnishments. All objections have been resolved except for the objection to the Writ of Garnishment involving a Universal Life Insurance Policy held by Midland National Life Insurance with regard to Frank Caramadre (identified in paragraph 2, below). It is the intent of the agreed upon Order that the remaining Objections remaining with regard to that policy be resolved by this Agreed Order.

---

[1] For the sake of clarity, the parties are identified by their first names; no disrespect is intended.

2. This Agreed Order addresses a life insurance policy currently owned jointly by Vin and Joseph, specifically the policy identified as #1700572877 (Policy) and issued by what is now known as Midland National Life Insurance Company (Midland). The Policy may pay a benefit upon the death of Frank Caramadre (Frank), Vin and Joseph's father.

3. A dispute arose among the Government, Joseph, Vin and Paula as to what, if any, claim the Government could successfully pursue against the Policy. The Court allowed Vin to intervene in this action and he requested a Declaratory Judgment on that issue. This Agreed Order resolves the Parties' dispute, eliminates the need for any further court action and ends this litigation. Vin Caramadre agrees to file a motion to dismiss the Declaratory Judgment Action upon issuance of this Court Order.

4. If the Policy pays a benefit upon Frank's death, Joseph would currently be entitled to 1/6 of that benefit.

5. Because they are joint owners of the Policy, any changes to the Policy must be agreed to by both Joseph and Vin.

6. Monthly premiums must be paid to keep the Policy in force. The amount of those premiums can be reduced but doing so will reduce any benefit that may be paid upon Frank's death.

7. The Government does not intend to, and this Agreed Order in no way obligates it to, contribute anything towards those monthly premiums.

8. Nothing in this Agreed Order requires anyone to continue to pay the monthly premiums nor does anything in this Agreed Order prohibit anyone from reducing the monthly premiums thereby reducing the amount of any benefit that may be paid upon Frank's death.

It is Hereby Agreed that the following Order shall enter:

ORDER

A. Intervenor, Paula M. Caramadre withdraws any objections she may have with regard to the above-captioned case.

B. Upon Frank's death, the Government shall be entitled to 15% of any and all payments and/or benefits, in whatever form, that Midland may issue as a result of the Policy.

C. In the event Midland issues any payment, benefit or refund as a result of the Policy before Frank's death, the Government shall also be entitled to 15% of any such payment, benefit or refund.[2] However, if any such payment, benefit or refund is applied to solely reduce the current or future monthly premiums, and does not result in any disbursement to Joseph, Vin, or any named beneficiary, the Government shall not be entitled to 15% of that payment, benefit or refund.

D. Vin, and Joseph if he remains a joint owner of the Policy, shall take all steps necessary to have the Government listed as a 15% beneficiary of the Policy, and/or he or they shall execute any documents or agreements necessary to insure that the Government's 15% Share is paid directly to the Government. If those options are not feasible, Vin, and Joseph if he remains as a joint owner of the Policy, shall be personally responsible for ensuring that the Government's 15% Share is delivered to the Government expeditiously upon its issuance.

E. Vin, Joseph and Paula agree they shall take no actions or inactions that would frustrate the Government's entitlement to the Government's 15% Share. This agreement does not prohibit the Policy Owners from reducing the premiums paid, thereby reducing the gross amount of the benefits that may be paid as a result of the Policy nor does it require the

---

[2] Hereinafter the sums contemplated by both paragraphs A and B of this Agreed Order shall be referred to, collectively, as the Government's 15% Share.
3

payment of monthly premiums, the failure to pay that could result in no benefit being paid to the Beneficiaries.

F. Vin, and Joseph if he remains as a joint owner of the Policy, shall be allowed to make any other changes he or they may want to the Policy, including removing Joseph as a joint owner and changing beneficiaries, provided the changes do not reduce the Government's 15% Share of the total benefits paid upon Frank's death.

G. The Government shall not be deemed a joint owner of the Policy as a result of this Agreed Order.

H. The Government, acting through any agent of the United States Attorney's Office for the District of Rhode Island, shall execute any documents or releases required by Midland to carry out the terms and conditions of this Agreed Order and/or that Midland may require for Vin and/or Joseph to exercise their rights under the terms of this Agreed Order.

I. The Government, acting through any agent of the United States Attorney's Office for the District of Rhode Island, shall inform Vin to whom and how payments due pursuant to this Agreed Order should be made.

J. The Government shall apply any money received as a result of this Agreed Order towards satisfying Joseph's obligations pursuant to the Restitution Order. The Government's entitlement to the Government's 15% Share, and the obligations in this Agreed Order that flow from it, shall end upon the sooner of the death of Joseph A. Caramadre or the full satisfaction of the Restitution Order.

K. In the event the restitution order is fully satisfied, the Government shall not be entitled to any money, or any more money, pursuant to this Agreed Order.

L. Nothing in this Agreed Order shall impact or impair the Government's right or ability to seek and recover restitution from sources other than the Policy.

M. This case shall be closed upon the entry of this Order but that shall not prohibit any Party from seeking judicial intervention to enforcement the terms and conditions contained in this Agreed Order.

By Agreement:

United States of America,
By its Attorney,

/s/ Mary Rogers
Mary Rogers, Esq.
Assistant U.S. Attorney

Vincent Caramadre,
By his Attorney and Personally,

/s/ John T. Longo        3/4/21
John T. Longo, Esq. (#4928)

Vincent Caramadre

Joseph Caramadre,
Pro Se,

Paula Caramadre,
By her Attorney and personally,

/s/ George West     3/4/21
George West, Esq.

/s/ John T. Longo
John T. Longo, Esq. (#4928)

Paula Caramadre

ENTER:

_____
William E. Smith
United States District Judge
Date: February _____, 2021

5

## Certificate of Service

I hereby certify that on **2/____/2021** this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), specifically:

*For United States of America*
**Mary Rogers**
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
401-709-5070
Fax: 401/709-5001
mary.rogers@usdoj.gov

*For Paula M. Caramadre*
**George J. West**
One Turks Head Place
Suite 312
Providence, RI 02903-2215
861-9042
Fax: 861-0330
gjwest@georgejwestlaw.com


I further certify that on the same date a copy was mailed, via First Class Mail, to:

Joseph Caramadre
90 Beachwood Drive
Cranston, RI 02921

*John T. Longo*
John T. Longo, Esq./#4928